Crouch *v.* Happer.

## J. H. CROUCH *v.* R. M. HAPPER.

PRACTICE. *Abatement. Revivor.* An order for the abatement of a writ of error will not be made at the second term after the death of the party has been suggested, proved and entered of record, the right to revive continuing during the whole of that term.

### FROM WASHINGTON.

Motion to abate.

KIRKPATRICK & ALLISON and J. G. DEADERICK for the motion.

C. J. ST. JOHN resisting the motion.

COOPER, J., delivered the opinion of the court.

The chancellor, upon the hearing, dismissed the bill in this case, and the plaintiff brought the cause to this court by writ of error. At the September term, 1878, the death of the complainant was suggested, proved, and entered of record. No revivor having been asked for, the defendant at this the second term of the court after the suggestion, moves that the appeal be abated.

By the Code, sec. 2848, it is provided that no suit shall abate or discontinue for the death of either party, until the second term after the death has been suggested and proved or admitted, and entry to that effect made of record. It has been held by this court that, by a proper construction of the provision of the Code, the right to revive an appeal, or an appeal in error, subsists and continues through the whole of the second term after the entry of record. *Churchwell* v. *Bank*, 1 Heis., 780. Of course, if the right to revive continues through the whole of the term, no order of abatement can be made at that term. The practice was otherwise under the act of 1785, which did not, as does the Code, fix a time within which no discontinuance shall be entered. The distinction is noticed by the learned special judge who delivered the opinion in the case in 1 Heis.

The motion must be disallowed.